## VREELAND v. BOYLE & BRAMHALL.

The lien claim filed under the mechanics' lien law cannot be amended by adding another claimant. It is a record in the county clerk's office, and not a part of the proceedings in the suit which may be amended.

A mechanics' lien claim was filed for $221.68, May 28th, 1873, and a summons issued thereon the same day. The pleadings were filed in due time. Within five days after filing the pleas, the defendants' attorneys, under section 129 of the practice act, gave written notice of their objection, for non-joinder of one John Lindsay, whom they alleged had been omitted as co-plaintiff. Motion was thereupon made by the plaintiff's attorneys, before Justice Bedle, that the said John Lindsay be joined as a plaintiff in the cause, and that the lien claim, summons, pleadings, and all proceedings be amended accordingly. Lindsay consented to be joined in the manner provided by the practice act. The motion was certified for the advisory opinion of this court, whether the same could be legally granted in whole or in part.

Argued at November Term, 1874, before BEASLEY, Chief Justice, and Justices DALRIMPLE, DEPUE and SCUDDER.

For the plaintiff, *J. F. McGee.*

For the defendants, *Dixon.*

Vreeland v. Boyle & Bramhall.

The opinion of the court was delivered by

SCUDDER, J. The proceedings by which mechanics and materialmen obtain a specific lien on buildings and the land upon which they stand, are statutory and special. Section 5 enacts that every person intending to claim a lien, &c., shall file his claim in the office of the clerk of the county where such building is situate, &c.

When this lien claim is filed in due time and form, a lien attaches, which may be enforced by suit in the Circuit Court of the county where such building is situated. This suit was commenced by summons against the builder and owner, and the action proceeded with a declaration, pleas, judgment, and execution in the forms designated.

It is obvious that the lien claim is not a file in the Circuit Court, nor in any court. It is a record in the office of the clerk of the county, like the registry of a deed or mortgage. It is the foundation of the action, but no part of the suit. The record in the Circuit Court begins with the issue of the summons, and continues with the filing of the declaration, pleas, &c. The court may amend its own files and records under the authority given in sections 129 and 166 of the practice act, but it has no power to alter or amend the records in the county clerk's office, either by these sections, or anything contained in the mechanics' lien law. Only proceedings in actions in courts can be altered by joining an omitted plaintiff, or striking out one improperly joined, where it shall appear that injustice will not be done by such amendment, and the person affected by the amendment consents. If it were conceded that the court might amend the summons, declaration and pleas in this case, under the extensive power given in section 166 of the practice act, for the purpose of determining in the existing suit the real question in controversy between the parties, yet it cannot, without some express authority, go beyond its own jurisdiction, into the county clerk's office, and there alter the records so as to make them conform to the changed papers in court.

Unless the lien claim can be altered, the amendments in the proceedings in court would not avail the claimant in his suit. There would be a variance between the claim, and the summons and pleadings, which would defeat the object sought by the amendments.

As the proceedings are under the old law, there is no propriety in determining what shall be the construction of sections 14 and 20 of the revised statute, concerning mechanics' liens, which provide for amending the lien claim, and proceedings under the act. As the law stood when this motion was made, the Circuit Court is advised that the proposed amendments cannot be made in whole or part.